UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATT CAMP | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Matt Camp, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1. Plaintiff, Matt Camp (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant transacts business here.

## III.  PARTIES

4. Plaintiff, Matt Camp, is an adult natural person residing at 440 Somerset St., Gloucester City, NJ 08030.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Receivables Performance Management, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with a principal place of business located at 20816 44th Ave W, Lynnwood, WA 98036.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. Plaintiff received an initial call from an agent of the Defendant, "Jasmine", on April 27, 2010.

8. "Jasmine" asked the Plaintiff, "Are you Matthew?" When the Plaintiff replied that he was, "Jasmine" immediately went into great detail regarding an alleged debt owed to Sprint.

9. In discussing a payment plan, Plaintiff explained that he had cash available but no credit card or bank account information available to make a payment.

10. "Jasmine" pressed the Plaintiff regarding alternative methods to pay and suggested he use the bank account of someone else to immediately make a payment over the phone.

11. Plaintiff was also told by "Jasmine" that if he did not make a payment it would damage his credit.

12. At no point during the April 27, 2010 phone call did "Jasmine" identify that she was a debt collector and any information obtained would be used for that purpose.

13. Plaintiff has not received a thirty day validation notice in the mail.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692e(11):   Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt…communication is from a debt collector."

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:   Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Receivables Performance Management, LLC for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 6, 2010

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff